## 58825. DEPARTMENT OF HUMAN RESOURCES v. LEDBETTER et al.

BIRDSONG, Judge.
Adoption. This appeal presents an issue of interpretation of Code Ann. § 24A-3204 (Ga. L. 1971, pp. 709, 748). As relevant, the facts show that the mother of three minor children is dead. The father voluntarily

sought to relinquish parental rights to the DeKalb County Department of Family and Children Services admitting that the children are deprived and likely to remain so. At the hearing to determine termination of parental control and custody, the department and the father were present and represented. The children's deceased-mother had been raised by her aunt and uncle but considered them as her parents, taking their name and placing their name on all legal documents as her parents. The three children thus were considered grandchildren because of the "virtual adoption" by the aunt and uncle. The children apparently had resided with their "grandparents." At the hearing, the "grandparents" sought to intervene in the parental termination and custody hearing and have the three children placed into their permanent custody. The trial court taking the phrase "other suitable measures for the care and welfare of the child" as contained in the statute, construed those words as giving the court — in addition to the power to place the children for ultimate adoption with the department, a suitable adoption agency or a foster home — as also giving the court the power to place the children directly with an adopting family. The trial court in effect allowed the "virtual grandparents" the right to intervene, but has not ruled finally to terminate the father's parental rights or to allow adoption by the "grandparents." The department sought and obtained a certificate of immediate review on the judge's ruling allowing the intervention and this court granted the department's motion for interlocutory appeal. *Held:*

Code Ann. § 24A-3204 provides: "(a) If, upon entering an order terminating the parental rights of a parent, there is no parent having parental rights, the court shall commit the child to the custody of the Division of Children and Youth or a licensed child-placing agency, willing to accept custody for the purpose of placing the child for adoption, or in the absence thereof in a foster home or take other suitable measures for the care and welfare of the child. The custodian has authority to consent to the adoption of the child... (b) If the child is not adopted within two years after the date of the order and a general guardian of the child has not been appointed, the

child shall be returned to the court for entry of further orders for the care, custody and control of the child."

We first note that Ch. 24A-32 deals with termination of parental rights. Code § 24A-3204 is concerned with the custody and disposition of a child who following termination of a parent's rights has no parent to assume care, custody and control. The section clearly is concerned with interim custody pending adoption or other permanent custody. The Department of Family and Children Services has the primary responsibility to place children for adoption or, where that is not possible, to assure other permanent custody. See Ga. L. 1963, pp. 81, 100, as amended (Code Ann. § 99-211); Ga. L. 1963, pp. 81, 110, as amended (Code Ann. § 99-214). Where, for some reason, custody cannot be placed with the department, the trial court is authorized to place custody in a licensed child-placing agency, willing to accept custody for the purpose of placing the child for adoption, or in the absence of a willing child-placing agency, to place custody in a foster home, or if no foster home can be found, to place custody in some other suitable custodial agency which can assure the care and welfare of the child. We agree with the trial court that the court has the authority to place the child with one of the four listed custodial receivers. We hold however that because of the proper concern by the court for adequate control over the one receiving custody for the care and welfare of the child that the court should seek to place custody in the agency which is subject to the greatest degree of regulation and in the precedence announced in the pertinent statutes. Thus we conclude that the court should seek to place custody first with DHR, then with a licensed child-placing agency, then in a foster home, and lastly in some other undesignated receiver. In each instance however, it is clear that the trial court seeks to place the child in interim custody for purposes of ultimate adoption. That intent is clear to us in view of the fact that the person or agency having custody under Code § 24A-3204 has the authority to consent to the adoption (by another) of the child. Moreover, subsection (b) provides that if the child has not been placed for adoption within two years after being placed in interim custody nor has a general guardian been appointed, the child will be

returned to the court for further disposition.

As we read these provisions, it seems clear that the statute does not establish the court as the adoption-placing (as opposed to an adoption-approving) authority. Yet, if the court's order is taken literally, the court will allow the "virtual grandparents" to intervene, conduct a hearing as to the suitability of the "grandparents" as adoptive parents, and if found suitable, to grant adoption to the "grandparents," thus making itself the selecting agent for an adopting family. Moreover, accepting the court's premise, if we read the statute literally, even if the court only granted custody, after the trial court placed the children in the custody of the "virtual grandparents," those same custodians could consent to adoption to themselves or others. This flies in the face of the decision of *Drumond v. Fulton County Dept. of Fam. &c. Services,* 237 Ga. 449 (228 SE2d 839) which denied the Drummonds, as foster parents, the right to seek adoption. Lastly, our interpretation seems to be supported by the last section of Code § 24A-3204 which in effect provides that two years after children have been placed in temporary custody pending adoption, if adoption has not been accomplished, the trial court must start the process anew, still with adoption as the ultimate goal.

We conclude that the "grandparents" may seek adoption through established procedures but they have no right to intervene. See *Sachs v. Walzer,* 242 Ga. 742 (251 SE2d 302). Nor can the trial court invest itself with the authority to choose an adopting family, relying upon the portion of the statute dealing with "other suitable measures for the care and welfare of the child." We conclude therefore that the trial court exceeded its authority in allowing the "grandparents" to intervene with a view toward holding a hearing to ascertain their propriety as adoptive parents.

*Judgment reversed. Quillian, P. J., and Smith, J., concur.*

ARGUED NOVEMBER 19, 1979 — DECIDED FEBRUARY 12, 1980.

*Arthur K. Bolton, Attorney General, Carol Atha Cosgrove, Assistant Attorney General,* for appellant.
*Casper Rich,* for appellees.