### 67329. IN RE H. C. S.

CARLEY, Judge.

Although it arises in a complex factual and procedural context, the issue presented for resolution in the instant interlocutory appeal may be simply stated. That issue is whether the Superior Court of DeKalb County has jurisdiction to consider appellees' "Petition For Termination of Parental Rights."

Appellees, who apparently wish to adopt the illegitimate child of appellant-father, secured the surrender of the parental rights of the mother. Appellant, who is a resident of North Carolina, was apprised of the decision of the mother and was requested to execute a surrender of his rights as the putative father. Appellant declined to do so. At that point, appellees did not institute formal adoption proceedings pursuant to OCGA § 19-8-1 et seq. Instead, they filed in the Superior Court of DeKalb County a document denominated as a "Petition For Termination of [Appellant's] Parental Rights." Appellant answered the petition and raised jurisdictional and venue defenses. A hearing was held on appellant's defenses, after which the trial court entered an order holding that it had jurisdiction to hear appellees' petition and that venue in DeKalb County was proper. The trial court certified its order for immediate review and appellant applied to this court for an interlocutory appeal. Appellant's application was granted and the instant appeal results.

1. Juvenile courts in this state "have exclusive original jurisdiction over juvenile matters and shall be the sole court for initiating action: . . . Involving any proceedings: . . . For the termination of the legal parent-child relationship, *other than that in connection with adoption proceedings under Chapter 8 of Title 19*, in which the superior courts shall have exclusive jurisdiction to terminate the legal parent-child relationship and the rights of the putative father." (Emphasis supplied.) OCGA § 15-11-5 (a) (2) (c). As noted above, the instant "Petition For Termination of Parental Rights" was not brought in connection with adoption proceedings instituted pursuant to OCGA § 19-8-1 et seq. Appellees have filed only their "Petition." Accordingly, the Superior Court of DeKalb County has no jurisdiction over the instant proceedings on the basis that it has been brought "in connection

with adoption proceedings *under Chapter 8 of Title 19 . . .*" (Emphasis supplied.)

2. In a rather convoluted argument, appellees assert that the Superior Court of DeKalb County has jurisdiction because the termination of appellant's rights is a necessary preliminary step to their eventual institution of adoption proceedings in Colorado, the state of their residence, pursuant to the Interstate Compact on the Placement of Children, which is codified as OCGA § 39-4-1 et seq. Thus, appellees assert that, because they eventually plan to adopt the child in Colorado, their instant petition to terminate appellant's rights is made "in connection with adoption proceedings" and that the superior court would have jurisdiction pursuant to OCGA § 19-8-7.

We note at the outset that the very language of OCGA § 15-11-5 (a) (2) (c) specifically limits superior courts' jurisdictional authority to terminate parental rights to those situations in which that issue has been raised in connection with adoption proceedings *"under Chapter 8 of Title 19 . . ."* Appellees' "Petition For Termination of [Appellant's] Parental Rights" was *not* filed in connection with any adoption instituted pursuant to OCGA § 19-8-1 et seq.

Except as otherwise provided by statute, the surrender or termination of parental rights is always deemed a prerequisite to a valid adoption. Likewise, the putative father of an illegitimate child has rights which must be recognized and dealt with as a prerequisite to a successful adoption. See *Nelson v. Taylor*, 244 Ga. 657, 658 (261 SE2d 579) (1979). Thus, *any* bare attempt to secure the termination of the rights of a parent, putative or otherwise, might be denominated a necessary preliminary step toward an "eventual" adoption. To hold as appellees urge, that the superior court has jurisdiction over their bare petition which is not supported by any pending adoption proceeding in any court anywhere, simply because it is a necessary preliminary step toward their "eventual" adoption of the child, would essentially invest superior courts with jurisdiction over all petitions to terminate rights of a child's parents simply upon an allegation of "eventual adoption" and would render the jurisdictional grant of OCGA § 15-11-5 (a) (2) (c) virtually meaningless.

We need not decide in the context of the instant appeal whether, as the result of the Interstate Compact on the Placement of Children or any other statute, a superior court has authority to enter any order on the basis that it is made "in connection with adoption proceedings" which have not been brought "under Chapter 8 of Title 19" and which indeed have not yet been brought in any other court in any other jurisdiction. This is true because, even assuming that such jurisdiction exists by implication or inference, the superior court in the instant case would still not have the authority to grant appellees the relief they sought in their petition. Appellees sought simply an order

of the superior court terminating appellant's parental rights to his illegitimate child, and they urge that the jurisdiction to grant such an order exists by virtue of OCGA § 19-8-8. That statute does not invest a superior court with jurisdiction to entertain a petition which seeks as its sole and entire relief the termination of the rights of an illegitimate child's putative father whose identity and location are known. OCGA § 19-8-7 (a) provides that if the identity and location of the putative father are known and he has not surrendered his rights to the child, "then *he shall be notified* of the mother's surrender or her consent to the child's adoption by her husband or of the proceeding to terminate her parental rights, by registered or certified mail, return receipt requested, at his last known address." (Emphasis supplied.) The statute further provides that the contemplated notice "shall advise the putative father that he loses all rights to the child and will neither receive notice nor be entitled to object to the adoption of the child *unless*, within 30 days of receipt of such notice, he files: (1) A petition to legitimate the child pursuant to Code Section 19-7-22; and (2) Notice of the filing of the petition to legitimate with the court in which the adoption is pending. *If* the putative father does not file a legitimation petition and give notice as required . . . within 30 days of his receipt of the notice . . . or, *if* after filing the petition he fails to prosecute it to final judgment, he loses all rights to the child; he may not thereafter object to the adoption . . . *If* the child is legitimated by the putative father, the adoption *shall not* be permitted *except* as provided in Code Sections 19-8-3 through 19-8-6." (Emphasis supplied.) OCGA § 19-8-7 (c, d, and e).

Obviously, this statute contemplates that the identified putative father whose location is known be given *notice* of his rights to his illegitimate child and of his opportunity to protect those rights if he so desires. If, and only if, he does not avail himself of that opportunity, does he lose those rights. If he does avail himself of that opportunity, the adoption may be permitted only if his rights are then surrendered, terminated or otherwise obviated according to law. The statute does not give independent authority to a superior court to entertain a petition which seeks, in the first instance and without any indication of compliance with the notice requirements, the termination of all rights of the putative father whose identity and location are known. The petition in the instant case did not purport to give nor indicate that the requisite notice to appellant had been given, but sought judicial relief solely in the form of an order terminating appellant's "Parental Rights." As the result of the filing of such an unauthorized petition, a superior court would have no jurisdiction pursuant to OCGA § 19-8-7 to enter an order terminating the rights of a putative father whose identity and location are known.

Thus, regardless of whether a superior court would otherwise

have any jurisdiction pursuant to OCGA § 19-8-7 in a situation where no adoption proceedings have been filed anywhere, that statute does not authorize a superior court to entertain the petition filed by appellees in the instant case. OCGA § 19-8-7 "provides for notice to the biological father of the pending adoption, giving him the right to legitimate the child within 30 days, after which his consent is also necessary. This provision thus recognizes that a father has some parental rights, as well as duties, in regard to his illegitimate child." *Nelson v. Taylor*, supra at 658. "Adoption statutes should be strictly construed and meticulously followed so that beyond all peradventure the adoption will not later be subject to attack." *Nelson v. Taylor*, supra at 659-660.

3. Appellees also assert that the litigation initiated by their petition is essentially a child custody case and that the superior court has jurisdiction on this basis. To the extent that what is being sought is a determination that there are no rights to the child whatsoever, *any and all* proceedings instituted solely for the purpose of terminating "Parental Rights" might be considered child custody cases. Only if the termination issue is properly raised in "connection with adoption proceedings under Chapter 8 of Title 19" does the superior court have jurisdiction.

4. Appellees contend that subject matter jurisdiction over their "Petition For Termination of Parental Rights" must be "somewhere." This cannot be denied. All we hold is that subject matter jurisdiction does *not* lie with the Superior Court of DeKalb County. In so holding, we do not intimate an opinion as to whether any court of this state would have the requisite jurisdictional authority to grant a bare petition to terminate the rights of appellant, a resident of North Carolina. Nor do we intimate an opinion as to whether any superior court of this state would have jurisdiction to grant an adoption of appellant's child. Such issues are beyond the scope of the instant appeal.

Any other issues raised by appellant which are not otherwise addressed are moot, by reason of our holding that the Superior Court of DeKalb County has no jurisdiction to hear appellees' petition.

*Judgment reversed. Deen, P. J., and Banke, J., concur.*

DECIDED MARCH 2, 1984 —
REHEARING DENIED MARCH 29, 1984 —

*Judith M. Alembik*, for appellant.
*Richard A. Horder*, for appellees.
*Henry Bauer, Jr., James B. Outman, H. Carol Morris, Tench C. Coxe, W. Randall Tye*, amici curiae.