### 41084. H. C. S. et al. v. GREBEL.
(321 SE2d 321)

MARSHALL, Presiding Justice.

This is a proceeding instituted by the appellants for termination of the rights of the appellee to his putative illegitimate child. The child was conceived and born in Georgia. The child's biological mother is a Georgia resident, and she has surrendered her parental rights. The putative father was a Georgia resident, but prior to the birth of the child he changed his residency to North Carolina. As stated in the petition, the appellants, who are Colorado residents, are

seeking to adopt the child, who was 14 days old at the time the petition was filed.

The superior court entered an order ruling that it has jurisdiction of this case. Following the entry of this order, the superior court granted the DeKalb County Department of Family and Children Services' motion to have a guardian ad litem appointed on behalf of the child. ,

On interlocutory appeal, the Court of Appeals reversed the superior court's jurisdictional order. *In re H. C. S.*, 170 Ga. App. 551 (318 SE2d 59) (1984). We granted certiorari. In so holding, the Court of Appeals relied on OCGA § 15-11-5 (a) (2) (C), which provides that juvenile courts shall have exclusive original jurisdiction over juvenile matters and shall be the sole court for initiating action involving any proceedings "[f]or the termination of the legal parent-child relationship, *other than that in connection with adoption proceedings under Chapter 8 of Title 19*, in which the superior court shall have exclusive jurisdiction to terminate the legal parent-child relationship and the rights of the putative father." (Emphasis supplied.) The Court of Appeals concluded that since no proceedings have yet been instituted for adoption of the child, this suit cannot be "in connection with adoption proceedings" within the meaning of OCGA § 15-11-5 (a) (2) (C). The Court of Appeals reasoned that a contrary holding would eviscerate the general jurisdictional grant of termination-of-parental-rights cases to juvenile court. In addition, the Court of Appeals held that in this case the petition does not purport to give, nor indicate that there has been given to the appellee, the notice required by OCGA § 19-8-7.

Since the docketing of this appeal, the guardian ad litem has filed a motion for an order requiring return of the custody of the child and/or supervision and care of said child, on grounds that: the child has been removed from the State of Georgia without arrangements being made for the supervision, care, and treatment of said child under the Interstate Compact on the Placement of Children. OCGA § 39-4-1 et seq.

In contesting the correctness of the Court of Appeals' decision, the appellants point out that as nonresidents of Georgia they cannot institute adoption proceedings in the courts of this state. OCGA § 19-8-2 (a) (3). They also point out that the juvenile court possesses the authority to terminate parental rights only on grounds of delinquency, unruliness, or deprivation. OCGA § 15-11-24. None of these grounds is alleged to be present here. In addition, the appellants also assert that it is questionable whether private parties who petition the juvenile court for termination of parental rights can be awarded custody of the child, the rights to whom have been terminated. See OCGA § 15-11-54; *Dept. of Human Resources v. Ledbetter*, 153 Ga. App. 416, 418 (265 SE2d 337) (1980). Finally, the appellants, and

amicus curiae briefs filed in their support, argue that the Court of Appeals' decision in this case will have the effect of frustrating interstate adoption proceedings under the Interstate Compact on the Placement of Children, as well as adoption proceedings commenced after the child has been placed for adoption with the Department of Human Resources or a licensed child-placing agency. OCGA § 19-8-3.

1. These arguments persuade us that the Court of Appeals was in error in holding that where, as here, the petition for termination of the rights of a putative father of an illegitimate child specifically states that it is in pursuance of the petitioners' prospective adoption of the child, the petition is not "in connection with adoption proceedings" within the meaning of OCGA § 15-11-5 (a) (2) (C).[1]

2. The determination of whether there has been given the notice to the putative father required by OCGA § 19-8-7 affects whether a judgment terminating his rights to the child can be properly entered; it does not affect the question of whether the superior court has jurisdiction of the case.

3. The judgment of the Court of Appeals is reversed, and the case is remanded to the trial court for consideration of the guardian ad litem's motion.

*Judgment reversed and remanded. All the Justices concur, except Hill, C. J., and Weltner, J., who concur specially.*

DECIDED OCTOBER 11, 1984.

*Richard A. Horder,* for appellants.
*Alembik & Alembik, Judith M. Alembik, Joseph Szczecko, Bauer, Deitch & Raines, Henry R. Bauer, Jr., Troutman, Sanders, Lockerman & Ashmore, H. Carol Morris,* for appellee.
*James B. Outman,* amicus curiae.

HILL, Chief Justice, concurring specially.

In my view, plaintiffs have no adequate remedy at law, in juvenile court or otherwise, and hence can proceed in equity. The superior courts have exclusive jurisdiction in equity cases, 1983 Const. Art. VI, Sec. IV, Par. I, and the General Assembly is without power, in the juvenile code or otherwise, to impair the superior courts' equity juris-

---

[1] It could be held that the Court of Appeals was correct in its construction of this portion of the statute, but that, under the circumstances of this case, suit may still be maintained in superior court in equity because of the inadequacy of the petitioners' remedy at law. However, such a holding would violate the general rule that although equity jurisdiction is established where the operation of general rules of law is deficient, equity will not give relief when to do so would violate the express terms of a statute. *Lewis v. Bd. of Education,* 183 Ga. 687 (1) (189 SE 233) (1936).

diction where there is no adequate remedy at law. See *Jackson v. Balkcom*, 210 Ga. 412 (80 SE2d 319) (1954). Hence I would find *Lewis v. Bd. of Education*, 183 Ga. 687 (1) (189 SE 233) (1936), cited by the majority in footnote 1, to be inapplicable. I therefore concur in the judgment.

I am authorized to state that Justice Weltner joins in this special concurrence.