233 Ga. 204 (1974)
210 S.E.2d 684
IN RE J. R. T., a Child.
29050.
Supreme Court of Georgia.
Submitted July 26, 1974.
Decided October 25, 1974.
Rehearing Denied November 18, 1974.
Robert S. Windholz, for appellant.
Harvey, Willard & Elliott, E. C. Harvey, Jr., for appellees.
GUNTER, Justice.
Appellant-natural father has come here to review a juvenile court judgment that awarded custody of a minor child to the child's maternal grandparents, appellees. This dispute had its beginning in 1971 when appellant was charged with the homicide of his wife, the natural mother of the child. Following this event and until May of 1973 the appellant was confined at Central State Hospital or in prison. He was released on probation in May of 1973.
On the day after the homicide in 1971 the juvenile court assumed jurisdiction over the child and placed him in the care of appellees, his maternal grandparents. The appellees then petitioned the juvenile court for temporary and permanent custody of the child. The juvenile court entered a judgment on September 10, 1971, making the appellees the guardians of the person and property of the child until further order of the court.
After his release on probation the appellant filed a "Motion for Custody" in the juvenile court. A hearing was held on appellant's motion, and on March 18, 1974, the juvenile court judge entered a judgment that continued custody in the appellees and granted visitation rights to the appellant. The appellant contends that this judgment was erroneous.
We reverse the judgment and remand the case to the juvenile court with direction to enter a judgment dismissing the "Motion for Custody" for lack of original jurisdiction in the juvenile court.
*205 This case is nothing more than an application for a writ of habeas corpus or a complaint in the nature of habeas corpus, and such an action must originate in the superior court or court of ordinary. Code § 50-103. Prior to the amendment of Code Ann. § 24A-301 (c) in 1973, this court held that the juvenile court did not have jurisdiction to determine a child custody contest between parents, a parent and a third party, or between contesting parties who were not parents. See Showalter v. Sandlin, 229 Ga. 405 (191 SE2d 828) (1972), and Parker v. Parker, 229 Ga. 496 (192 SE2d 341) (1972). We held this because we considered such an adversary contest and proceeding to be in the nature of habeas corpus, and original jurisdiction in such an action was not lodged in the juvenile court. It was our view that the juvenile court had original jurisdiction in a custody controversy under Code Ann. § 24A-302 only if the child was a "delinquent child," an "unruly child," or a "deprived child" as those terms were defined in Code Ann. § 24A-401.
The 1973 enactment by the General Assembly gave the juvenile court concurrent jurisdiction in normal, adversary custody and support cases (in the nature of habeas corpus) if transferred to the juvenile court "by proper order of the superior court." Ga. L. 1973, pp. 882, 883. See Robinson v. Ashmore, 232 Ga. 498 (207 SE2d 484) (1974).
The juvenile court does have original jurisdiction in a custody controversy involving a delinquent child, an unruly child, or a deprived child, and appellate jurisdiction in such cases is vested in the Court of Appeals. However, in a custody controversy in the nature of habeas corpus the juvenile court has concurrent jurisdiction to decide the issue only if the case is transferred to the juvenile court by proper order of the superior court; and in such a transferred case, appellate jurisdiction is lodged in the Supreme Court of Georgia.
In 1971 the juvenile court had jurisdiction to appoint appellees guardians of the person and property of the child because the child's mother was dead, the child's father was incarcerated, and the child was without a parent, guardian, or custodian. However, such an order of disposition terminated two years after its entry *206 pursuant to Code Ann. § 24A-2701 (c). A 1974 statute makes this two-year limitation inapplicable to the appointment of guardians, but the 1974 statute is not applicable in this case. Ga. L. 1974, p. 1128.
We therefore hold that the instant case, a custody controversy in the nature of habeas corpus, should have been originated in the superior court, and the juvenile court's jurisdiction in such cases is dependent upon a proper order of transfer from the superior court.
The judgment of the juvenile court is reversed with direction upon remand to enter a judgment dismissing the "Motion for Custody" for lack of original jurisdiction in the juvenile court.
Judgment reversed with direction. All the Justices concur, except Ingram, J., who concurs in the judgment only.