## 34708. WEST v. COBB COUNTY DEPARTMENT OF FAMILY & CHILDREN SERVICES.

PER CURIAM.

John A. West, Sr., appeals from the denial of his petition for writ of habeas corpus seeking custody of his minor children. The children had been in the legal custody of their mother; prior to her death on October 18, 1977, the mother voluntarily placed them in foster care with the Cobb County Department of Family & Children Services. By order of the Cobb County Juvenile Court filed November 28, 1977, the children were declared to be deprived and temporary custody was granted to the Department. That order, which has a life-span of two years (Code Ann. § 24A-2701(c)), was entered following a hearing at which the father, his attorney, the children's guardian ad litem, a case worker and an attorney for the Department, as well as an attorney for the children's maternal grandmother, were all present. No appeal was taken from that order. See *Sanchez v. Walker County Dept. of Family &c. Services,* 235 Ga. 817 (221 SE2d 589) (1976).

Appellant has moved that a named attorney be appointed to represent him on this appeal. There is no statutory provision whereby this court can appoint counsel on appeals in habeas corpus cases contesting child

custody. See Code Ann. § 24A-3401 (3).

Because of the juvenile court order entered pursuant to Code Ann. § 24A-2301 (a) (2) after notice and hearing and then still in effect, the superior court had no jurisdiction of the habeas petition. Under Code Ann. § 24A-301 (a) (1) (C), the juvenile court has "exclusive original jurisdiction over juvenile matters and shall be the sole court for initiating action: (1) Concerning any child. . . .(C) who is alleged to be deprived. . . ." The statute vests exclusive jurisdiction in the juvenile court for at least two years over matters concerning children whom the juvenile court has duly found to be deprived. Habeas corpus is not an available remedy in this case and the trial court did not err in finding against the father. See *Chastain v. Smith,* 243 Ga. 262 (1979). The statutory procedure by which appellant may seek relief is set out at Code Ann. § 24A-2801.

*Judgment affirmed. All the Justices concur.*

SUBMITTED MARCH 14, 1979 — DECIDED APRIL 4, 1979.

John A. West, Sr., *pro se.*

*Edwards, Grayson & Cauthorn, Robert J. Grayson,* for appellee.