## 34631. CHAFFINS et al. v. LOWNDES COUNTY DEPARTMENT OF FAMILY & CHILDREN SERVICES.
## 34632. CHAFFINS v. LOWNDES COUNTY DEPARTMENT OF FAMILY & CHILDREN SERVICES.

HILL, Justice.

On October 6, 1978, Anthony Chaffins and his wife Pansy filed a petition for writ of habeas corpus in Lowndes County Superior Court (Case No. 34631) seeking the return of their three children from the Lowndes County Department of Family & Children Services ("Department"). On that same date, Debbie Ann Chaffins filed an identical petition (Case No. 34632) in regard to her child. The Department had been granted interim custody of the four children by ex parte orders of the Juvenile Court of Lowndes County pending a hearing.

In defending the habeas action, the Department filed the record of the juvenile court proceedings in the superior court, along with a motion to dismiss for failure to state a claim and special defenses. It appears from the juvenile court record that the sequence of events was that the Department filed petitions alleging deprivation pursuant to Code Ann. Ch. 24A-16 on May 8, 1978. On that date, the juvenile court entered ex parte orders that the petitions be filed and that interim custody be placed with the Department "so that said Department may provide supervision and care for said children and return them to the Court as required for a hearing on this matter." The record is silent as to any such hearing. Moreover, the record does not show service of the petitions upon the parents. Apparently the children have been in the custody of the Department since May 8, 1978, without hearing.

On December 7, 1978, the petitions for writ of habeas corpus were dismissed. Mr. and Mrs. Chaffins and Debbie Ann Chaffins bring these appeals, arguing that their petitions should not have been dismissed because they state a claim for which relief may be granted. We agree and reverse the order dismissing the petitions.

Code Ann. § 24A-1701(a) provides that where a child is being detained by the Department, the hearing on the petition shall be held within 10 days of the filing of the petition. As we pointed out in *West v. Cobb County Dept. of Family &c. Services,* 243 Ga. 425 (1979), had the juvenile court, after notice and hearing, entered an order pursuant to Code Ann. § 24A-2301(a) (2) which was still in effect, habeas corpus would not lie. Code Ann. § 24A-301 (a) (1) (C). In the cases now before us, however, the parents allege that there has been no hearing as required by Code Ann. § 24A-1701(a), supra. The record is silent as to whether such a hearing was ever set, continued, or held. The hearing requirement of Code Ann. § 24A-1701 (a) is mandatory. *Sanchez v. Walker County Dept. of Family &c. Services,* 237 Ga. 406, 408 (229 SE2d 66) (1976). Because the defendant did not show compliance with the hearing requirement, the parents in these cases have stated claims for habeas relief which may be granted.

*Judgment reversed. All the Justices concur, except Marshall, J., who concurs in the judgment only, and Bowles, J., who dissents.*

SUBMITTED MARCH 2, 1979 — DECIDED
APRIL 17, 1979.

*Graham Clarke, Fred L. Cavalli,* for appellants.
*Arthur K. Bolton, Attorney General, Carol Atha Cosgrove, Assistant Attorney General,* for appellee.