169 Ga. App. 373 (1983)
312 S.E.2d 832
IN RE R. R. M. R.
67325.
Court of Appeals of Georgia.
Decided December 2, 1983.
Rehearing Denied December 20, 1983.
William M. Phillips, for appellant.
Clifton M. Patty, Jr., for appellee.
BANKE, Judge.
This is an appeal from an order of the Juvenile Court of Catoosa County finding the appellant's 8-year-old daughter to be deprived and awarding "legal custody" of the child to the Division of Family and Children Services of the Department of Human Resources, with "physical custody" to be vested in the maternal grandmother. The deprivation petition was not filed by the Division of Family and Children Services, nor has the Division of Family and Children Services at any time sought custody of the child. Rather, the petition was filed by the maternal grandmother, who assumes the role of appellee in this appeal. The appellant is the child's natural mother.
The child was born on September 12, 1974, and since then has alternated between living with the mother and living with the grandmother, with all three having lived together in the grandmother's home on various occasions. On one occasion, when the mother intended to move to Arizona to work on a ranch, she signed a consent to allow the grandmother and the grandmother's husband to adopt the child. However, the adoption proceeding was never completed, and the consent was subsequently revoked. For more than a year before the deprivation petition was filed, the mother and the grandmother lived next door to each other, and the child alternated between the two residences. The deprivation petition was filed in July of 1982, after the mother, accompanied by a live-in male companion and her two minor sons by a previous marriage, moved to another location and announced her intention to take the daughter with her.
The mother's male companion pled guilty in 1980 to an indictment charging him with cruelty to one of the two sons. Although no charges or complaints of child abuse have been brought against him since then, the mother testified that she would never leave any of her children alone with this or any other man; and the daughter testified that she was fearful of him because he yelled at her, used abusive language towards her, and had recently bruised her arm.
A Department of Family and Children Services caseworker who had conducted an investigation into the home lives of the mother and the grandmother at the court's request testified that the mother's new home and its physical surroundings were superior to the grandmother's but that because the mother demonstrated no ability whatsoever to control the behavior of her two sons, the child would not necessarily be better off there. The witness concluded by stating: "So in terms of a recommendation, actually, we didn't make one, because the things seem to sort of equal each other out, and the basic, *374 and outstanding difference, is [the child's] desire."
In a private discussion held in chambers in the presence of the judge, the caseworker, and the court reporter, the child expressed a preference to live with the grandmother. Held:
1. While this court has held that a showing of unfitness is required to authorize a termination of parental rights on the basis of deprivation (see Chancey v. DHR, 156 Ga. App. 338 (274 SE2d 728) (1980); Parham v. Baldwin County DFCS, 161 Ga. App. 436 (2) (288 SE2d 354) (1982); In the Interest of H. L. T., 164 Ga. App. 517 (298 SE2d 33) (1982)), a decision merely to transfer temporary custody of a deprived child focuses solely on the needs and welfare of the child. See generally OCGA § 15-11-34 (a) (Code Ann. § 24A-2301). Cf. Howard v. DHR, 157 Ga. App. 306 (3), 309 (277 SE2d 301) (1981). Regardless, however, of whether the remedy sought is termination of parental rights or merely a transfer of temporary custody, clear and convincing evidence is required to support the finding of deprivation. See OCGA § 15-11-33 (b) (Code Ann. § 24A-2201); In re Suggs, 249 Ga. 365 (291 SE2d 233) (1982).
The trial court's finding of deprivation in this case was supported by clear and convincing evidence that the mother's live-in companion tended to mistreat the child and that the mother demonstrated no ability to control the two children who lived with her on a full-time basis. However, the court exceeded its authority in attempting to place "legal custody" in the Division of Family and Children Services while giving "physical custody" to the grandmother.
OCGA § 15-11-34 (a) (Code Ann. § 24A-2301) authorizes the court to make any of the following orders of disposition with regard to a child who has been found to be deprived: "(1) Permit the child to remain with his parents, guardian, or other custodian, including a putative father, subject to conditions and limitation as the court prescribes, including supervision as directed by the court for the protection of the child; (2) Subject to conditions and limitations as the court prescribes, transfer temporary legal custody to any of the following: (A) Any individual including a putative father who, after study by the probation officer or other person or agency designated by the court, is found by the court to be qualified to receive and care for the child; (B) An agency or other private organization licensed or otherwise authorized by law to receive and provide care for the child; (C) Any public agency authorized by law to receive and provide care for the child; or (D) An individual in another state with or without supervision by an appropriate officer under Code Section 15-11-46 (Code Ann. § 24A-3003); or (3) Without making any of the orders specified in paragraphs (1) and (2) of this subsection, transfer *375 custody of the child to the court of another state exercising jurisdiction over juveniles if authorized by and in accordance with Code Section 15-11-44 (Code Ann. § 24A-3001); if the child is or is about to become a resident of that state."
This statute does not authorize the court to transfer "legal custody" of the child to one person or agency while awarding another person or agency the right to physical custody. The order of the trial court is accordingly vacated, and the case is remanded with direction that a new order of disposition be made which is in accordance with the code section.
2. The appellant contends the juvenile court acted improperly in accepting jurisdiction of what was in fact a private custody dispute rather than a true deprivation proceeding. While it is certainly true that this case exhibits the characteristics of a private custody dispute, it appears to be well settled that the juvenile courts have exclusive jurisdiction of all disputes over the custody of children who are alleged to be deprived. See Moss v. Moss, 233 Ga. 688, 670 (212 SE2d 853) (1975); Williams v. Davenport, 159 Ga. App. 531 (284 SE2d 45) (1981). It necessarily follows that the trial court had jurisdiction of this case. However, the juvenile courts should exercise great caution when entertaining deprivation proceedings brought by a non-parent to obtain custody from a parent, for there is a great likelihood in such a situation that the allegations of deprivation will be motivated less by concern for the child than by a desire to avoid the more stringent standard of proof applicable in a habeas corpus action, wherein a non-parent is required to establish parental unfitness in order to obtain custody from a parent. See generally Blackburn v. Blackburn, 249 Ga. 689, 692 (292 SE2d 821) (1982); Carvalho v. Lewis, 247 Ga. 94 (274 SE2d 471) (1981). This is particularly true in a case such as the one before us now, wherein the petitioner's concern is for fewer than all the children living in the alleged conditions of deprivation.
3. The appellant contends that the trial court was required by OCGA § 15-11-34 (a)(2)(A) (Code Ann. § 24A-2301), supra, to secure the approval of a "probation officer or other person or agency" prior to transferring temporary legal custody of the child to any individual. This contention is also without merit. What § 15-11-34 (a)(2)(A) (Code Ann. § 24A-2301) requires is merely that the court secure a study of the individual "by the probation officer or other person or agency, designated by the court . . ." and that, having done so, the court find the individual to be qualified to receive and care for the child. The statute does not condition the court's authority to transfer custody of the child to an individual on the approval of that individual by the person or agency conducting the study.
4. The court did not err in questioning the minor child in *376 chambers without the presence of counsel, where the questioning was conducted on the record and no objection was made to the procedure.
5. We have carefully examined the appellant's remaining enumerations of error and have determined that they are without merit.
Judgment vacated and case remanded with direction. Deen, P. J., and Carley, J., concur.