## 46078. LOCKHART v. STANCIL.
### (373 SE2d 355)

SMITH, Justice.

We granted the appellant's discretionary application to consider "[w]hether the Juvenile Court exceeded its legal authority in this case when it ordered child support payments in an order granting a motion to set aside a prior judgment." The court was without authority. We reverse.

The parties have been litigating the custody of their children in the Glynn County Juvenile Court since 1984. The record before us shows that the Juvenile Court transferred custody of the parties' minor son back and forth between the parties four times.

A May 12, 1986 order gave permanent custody of the minor children to the appellee, Mrs. Stancil, and awarded her child support. The father failed to pay and subsequently, the Department of Human Resources along with the mother and children filed a petition for contempt. After a hearing, the father was found in contempt and ordered to pay an arrearage of over $5,000. He filed a motion to set aside the May 12, 1986 order. On May 27, 1988, after a hearing, the juvenile court ruled that the May 12, 1986 order was void *ab initio* because the necessary jurisdictional facts were not recited and the father was never personally served. The May 27, 1988 order required the father to pay child support to the mother.

The appellant contends, among other things, that the juvenile court erred in hearing a case in which there was no order transferring it from the Superior Court. The appellee never filed a brief with this court.

"Where custody is the subject of controversy. . .the juvenile court shall have concurrent jurisdiction to hear and determine the issue of custody and support *when the issue is transferred by proper order of the superior court.*" (Emphasis supplied.) OCGA § 15-11-5 (c). "A juvenile court is a court of special and limited jurisdiction, and its *judgments must show on their face* such facts as are necessary to give it jurisdiction of the person and subject matter. [Emphasis supplied.] *Parker v. Parker*, 229 Ga. 496 (192 SE2d 341); *Ferguson v. Hunt*, 221 Ga. 728, 730 (146 SE2d 756). If the order of a juvenile court fails to recite the jurisdictional facts, the judgment is void. *Bosson v. Bosson*, 223 Ga. 259 (1) (154 SE2d 364)." *Williams v. Dept. of Human Resources*, 150 Ga. App. 610 (258 SE2d 288) (1979).

There is nothing in the record before us that shows a proper transfer from the Superior Court of Glynn County to the Juvenile Court. Moreover, the judgments in the record do not "show on their face such facts as are necessary to give [the juvenile court] jurisdiction of the person and subject matter[,]" and as such they are void

and must be reversed.[1]
*Judgment reversed. All the Justices concur.*

DECIDED NOVEMBER 2, 1988.

*Pleasants & Sullivan, James V. Pleasants,* for appellant.
*Alan David Tucker,* for appellee.

---

[1] We would like this case to serve as a reminder to all juvenile court judges and attorneys of the absolute necessity of both a proper transfer from the superior court to the juvenile court and a recitation of the jurisdictional facts on the face of the order.