## A90A1831. ANDERSON et al. v. SANFORD et al.
(401 SE2d 604)

COOPER, Judge.

We granted this interlocutory appeal to consider whether OCGA § 19-7-3 (c) bars the filing of a petition for visitation rights by grandparents who have, in the same year, intervened in a deprivation proceeding brought by the Department of Family & Children Services.

Appellant Staci Anderson is the natural mother of two minor children, Megan and Justin, and appellant Kenneth Anderson is her husband and the natural father of Justin. Appellees are the maternal grandparents of both children. On August 21, 1989, a caseworker with the Department of Family & Children Services ("Department") filed a petition of deprivation alleging that Megan had been abused and was being taken into custody pursuant to OCGA § 15-11-17 (a) (4). On August 23, 1989, appellees filed a motion to intervene in the deprivation proceedings, and the trial court granted their motion. On August 28, 1989, the juvenile court entered a detention order placing temporary legal custody of the child with the Department. On November 14, 1989, after legal custody of Megan had been returned to appellants, appellees filed a petition for grandparents' visitation

rights, seeking reasonable visitation rights with both of the minor children. Appellants filed a motion to dismiss appellees' petition for visitation on the ground that the petition was barred because it was filed within one year of the motion to intervene in the deprivation proceedings brought by the Department on behalf of Megan. On April 19, 1990, the trial court entered a temporary order granting appellees reasonable visitation with Megan. The trial court subsequently denied appellants' motion to reconsider their motion to dismiss appellees' petition for visitation and this appeal followed.

OCGA § 19-7-3 (b) provides: "Any grandparent shall have the right to file an original action for visitation rights to a minor child or to intervene in and obtain visitation rights in any action in which any court in this state shall have before it any question concerning the custody of a minor child. . . ." Subsection (c) of that Code section provides that "[a]n original action requesting visitation rights shall not be filed by any grandparent more than once during any two-year period and shall not be filed during any year in which *another custody action* has been filed concerning the child." (Emphasis supplied.) Appellants contend that the trial court erred in denying their motion to dismiss appellees' petition for visitation because the deprivation proceeding was "another custody action" within the meaning of OCGA § 19-7-3 (c). We disagree with appellants. A deprivation proceeding is to determine whether the child is a deprived child. OCGA § 15-11-33 (a). If the child is found to be deprived, the court is authorized to allow the child to remain with his parents, or other custodian, or transfer temporary legal custody to another individual or agency. OCGA § 15-11-34 (a). Although the juvenile court is authorized to determine who will exercise custody over a "deprived" child, the proceeding itself is to determine whether the child is deprived and is not an action brought to decide custody matters concerning the child. We agree with appellants that the General Assembly, by the enactment of OCGA § 19-7-3 (c) has sought to limit the number of original actions for visitation which grandparents may file. However, in the case sub judice, there has been no previous adjudication of appellees' right to visitation; nor have appellees brought any other action seeking visitation with their grandchildren. We do not find that their intervention in a proceeding to determine deprivation bars their subsequent petition for visitation rights. Accordingly, we find no error in the trial court's denial of appellants' motion to dismiss.

*Judgment affirmed. Banke, P. J., and Birdsong, P. J., concur.*

DECIDED JANUARY 31, 1991.

*Lane, Tucker & Crowe, Robert L. Crowe*, for appellants.

*Stein & Cauthen, James E. Stein,* for appellees.