S93A0992. LEWIS v. WINZENREID.
(435 SE2d 602)

CARLEY, Justice.

In 1984, appellee-father and appellant-mother were divorced in Texas and custody of their minor child was awarded to appellee. In 1991, appellant did not return the child to appellee in Texas at the scheduled end of a limited visitation period. In 1992, appellee secured Georgia counsel through whom he demanded that appellant return

the child. Appellant did not accede to appellee's demand, but presented to the Juvenile Court of Colquitt County a petition alleging that the child was deprived. The juvenile court approved appellant's petition for filing and granted her temporary custody of the child pending a hearing on the issue of the child's alleged deprivation.

Appellee filed a petition for a writ of habeas corpus in the Superior Court of Colquitt County challenging appellant's entitlement, under the juvenile court's order, to continue to hold the child in contravention of his right to legal custody under the Texas decree. The superior court issued an order temporarily restraining appellant from pursuing her deprivation petition in the juvenile court and, after a hearing on appellee's petition, granted him a writ of habeas corpus. Appellant appeals from that order pursuant to this court's grant of her application for a discretionary appeal.

Relying on *Chastain v. Smith*, 243 Ga. 262 (253 SE2d 560) (1979), appellant urges that the superior court erred in granting appellee's petition. In *Chastain*, the mother of the child had died and the grandmother petitioned the juvenile court for termination of the parental rights of the father. The father was served by publication and the juvenile court made an ex parte award of temporary custody to the grandmother. The father then filed a petition for a writ of habeas corpus. The superior court stayed the juvenile court proceedings and, after a hearing, entered an order finding that the grandmother " 'is holding the child under a *valid* court order of the Juvenile Court which has yet to be challenged, and that the remedy of habeas corpus does not lie.' " (Emphasis supplied.) *Chastain v. Smith*, supra at 262. On appeal, this court affirmed.

> Where the petition in the Juvenile Court *alleges deprivation of the child* and if the service of summons is made by publication, the Juvenile Court is authorized to enter an interlocutory order of disposition. [Cit.] Any challenge to the service or to the temporary order must be made by the [father] in the Juvenile Court where the proceedings are still pending.

(Emphasis supplied.) *Chastain v. Smith*, supra at 262.

In the instant case, unlike in *Chastain*, appellee did not merely attack the manner or sufficiency of service of appellant's deprivation petition and the superior court did not find that the juvenile court's award of temporary custody to appellant was valid. Instead, appellee attacked the *jurisdiction* of the juvenile court to make the award of temporary custody to appellant and the superior court found that the award of the juvenile court was *not* a valid order. Accordingly, the issue presented for resolution in the instant case is whether the superior court erred in concluding that the juvenile court lacked jurisdic-

tion to make a valid award of temporary custody to appellant.

> "A juvenile court is a court of special and limited jurisdiction, and its *judgments must show on their face* such facts as are necessary to give it jurisdiction of the person and subject matter. [Cits.] If the order of a juvenile court fails to recite the jurisdictional facts, the judgment is void. [Cits.]"

(Emphasis in original.) *Lockhart v. Stancil*, 258 Ga. 634 (373 SE2d 355) (1988). "A judgment void because of lack of jurisdiction of the person or subject matter may be attacked at any time." OCGA § 9-11-60 (f). See *Murphy v. Murphy*, 263 Ga. 280 (430 SE2d 749) (1993).

The juvenile courts of this state have exclusive original jurisdiction with regard to any child "[w]ho is alleged to be deprived. . . ." OCGA § 15-11-15 (a) (1) (C).

> "Deprived child" means [, in relevant part,] a child who: *Is* without proper parental care or control, subsistence, education as required by law, or other care or control necessary for his physical, mental, or emotional health or morals. . . .

(Emphasis supplied.) OCGA § 15-11-2 (8) (A). Nothing in the petition filed by appellant in the juvenile court alleged that the child *is* "deprived" within the meaning of OCGA § 15-11-2 (8) (A). Her petition alleged, at most, that the child *had been* deprived while in appellee's custody in Texas and that the child *might once again become* deprived if returned to appellee's custody in Texas. Thus, appellant's petition alleged that the child is *not* deprived so long as she continues to hold the child in Georgia in *contravention* of appellee's legal custody in Texas. By her deprivation petition, appellant sought to *maintain* the status quo of the child's alleged non-deprived condition in Georgia, not to *ameliorate* the child's alleged current deprived condition within this state. The juvenile courts of this state have jurisdiction with regard to a child who is alleged *to be* deprived, not a child who has allegedly been or will allegedly be deprived while in the legal custody of his non-resident parent.

"Deprived child" is also defined as a child who "[*h*]*as* been abandoned by his parents or other legal custodian. . . ." (Emphasis supplied.) OCGA § 15-11-2 (8) (C). Considering that appellant was holding the child in contravention of appellee's right to legal custody under the Texas decree, there is considerable doubt whether she would have any standing to allege that the child was "deprived" during that period by virtue of appellee's abandonment. In any event, however, nothing in the petition filed by appellant in the juvenile court alleged that the child is "deprived" within the meaning of OCGA § 15-11-2 (8) (C). Indeed, appellant's petition acknowledged

that appellee has legal custody of the child and that her petition was prompted, at least in part, because appellee "has now threatened to take action to get the child and remove the child" to Texas. Such "threats" by appellee, in his capacity as the legal custodian of the child, clearly demonstrate that he had *not* "abandoned" the child, but was insisting upon his right to exercise legal custody under the Texas decree. The juvenile courts of this state have jurisdiction with regard to a child who allegedly *has been* abandoned, not a child whose non-resident custodial parent has threatened to enforce his right to legal custody.

In *emergency* situations, the *superior courts* of this state do have jurisdiction to entertain actions to *modify* the child custody award of another state. See *Osgood v. Dent*, 167 Ga. App. 406, 407 (1) (306 SE2d 698) (1983). If an emergency existed in the instant case, it was in 1991 when appellant first refused to return the child to appellee's custody in Texas. Rather than seek superior court modification of the Texas decree at that time, however, appellant unlawfully kept the child without judicial sanction and it was not until appellee threatened legal action to enforce his rights as the custodial parent that appellant filed her deprivation petition in the juvenile court. The petition filed by appellant in the juvenile court shows on its face that it involves a custody dispute between appellant, who is attempting to keep the child with her in Georgia, and appellee, who is attempting to enforce his right to legal custody under the unmodified Texas decree. Such custody disputes between parents are *not* within the exclusive original jurisdiction of the juvenile courts of this state. See *Lockhart v. Stancil*, supra; *In re J. R. T.*, 233 Ga. 204 (210 SE2d 684) (1974); *In the Interest of C. F.*, 199 Ga. App. 858, 859 (1) (406 SE2d 279) (1991).

It follows that, in the instant case, the superior court was correct in giving no effect to the invalid order of the juvenile court and that the grant of a writ of habeas corpus to appellee must be affirmed.

> Although it is true that the juvenile court has exclusive jurisdiction to entertain petitions concerning children alleged to be deprived ([cit.]), the record here shows that [appellant's petition] was not in the nature of a [valid] deprivation petition. . . .

*In the Interest of C. C.*, 193 Ga. App. 120, 121 (1) (387 SE2d 46) (1989). The juvenile courts of this state should not entertain

> deprivation proceedings brought by a non-[custodial] parent to obtain custody from a [non-resident custodial] parent, for there is a great likelihood in such a situation that the allegations of deprivation will be motivated less by concern for the

child than by a desire to avoid the more stringent standard of proof applicable in a [modification] action [in the superior court], wherein a [non-custodial] parent is required to establish [a material change of circumstances substantially affecting the interest and welfare of the child arising since the original decree]. [Cits.]

*In re R. R. M. R.,* 169 Ga. App. 373, 375 (2) (312 SE2d 832) (1983).
*Judgment affirmed. All the Justices concur, except Benham and Hunstein, JJ., who concur specially.*

BENHAM, Justice, concurring specially.

While I am in accord with the majority's conclusion that the habeas court did not err when it determined that the parties' child should be returned to appellee/father, I disagree with the analysis employed to reach that conclusion.

In this appeal from the grant of a writ of habeas corpus, the majority devotes its attention to the question of whether another court, the juvenile court, had subject matter of another case, a deprivation proceeding, from which no appeal has been taken. The majority uses as its springboard into these uncharted waters our recent decision in *Murphy v. Murphy,* 263 Ga. 280 (430 SE2d 749) (1993). In that case, we held that "there is no time limitation on attacking a judgment 'void on its face,' due to lack of [subject matter or personal] jurisdiction." Id. at 283. However, we limited the judicial scrutiny to be given such an attack when we quoted from *Nicholson v. State,* 261 Ga. 197, 199 (403 SE2d 42) (1991):

> Jurisdiction of the subject-matter does not mean simply jurisdiction of the particular case then occupying the attention of the court, but jurisdiction of the *class of cases* to which that particular case belongs. As applied to the subject-matter of a suit, jurisdiction is always conferred by law, and it is incorrect to suppose that the power to decide in any case rests solely on the averments of a pleading, but on the contrary the jurisdiction of a court in no way depends on the sufficiency or insufficiency of the pleadings, and if the pleadings state a case belonging to a *general class* over which the authority of the court extends, then jurisdiction attaches and the court has power to hear and determine the issues involved.

It is undisputed that the juvenile court is the only court in which an action alleging deprivation of a child may be instituted. OCGA § 15-11-5 (a) (1) (C). The juvenile court had subject-matter jurisdiction of "the class of cases" to which the particular case (a deprivation peti-

tion) belonged, and the pleadings stated a case belonging to the general class over which the authority of the juvenile court extended. The inquiry into the juvenile court's subject-matter jurisdiction of the deprivation petition should go no further. The majority's continued investigation of the juvenile court's subject-matter jurisdiction of this particular deprivation petition exceeds the limited scope of an attack on a court's subject-matter jurisdiction, and produces the very result this court sought to circumvent in *Murphy* — one court delving into the record of another case filed in another court, performing a studied review of the other court's case and, in effect, reversing the judgment rendered by a court of competent jurisdiction without an appeal having been filed.

The basis, in the case at bar, for the majority's protracted review of the subject-matter jurisdiction of the juvenile court is the majority's attempt to distinguish this court's holding in *Chastain v. Smith*, 243 Ga. 262 (253 SE2d 560) (1979), a case on which appellant relies heavily. In that case, the maternal grandmother filed in juvenile court an action to terminate the father's parental rights. The father was served by publication. Following that service, the trial court entered an ex parte order giving temporary custody to the grandmother. The father then filed a habeas action against the grandmother. The habeas court held that habeas relief was not available because the grandmother was holding the child pursuant to an unchallenged, valid juvenile court order. This court affirmed, holding:

> Where the petition in the juvenile court alleges deprivation of the child *and if the service of summons is made by publication*, the Juvenile Court is authorized to enter an *interlocutory* order of disposition. [OCGA § 15-11-29.] Any challenge to the service or to the temporary order must be made by the appellant in the juvenile court where the proceedings are still pending.

(Emphasis supplied.) Id. By its very holding, *Chastain* was limited by this court to situations involving the special statutory proceeding available when a party is served by publication.[1] The case at bar is not controlled by that limited holding. Rather, the superior court entertaining the habeas petition filed by appellee had jurisdiction to grant the writ despite the juvenile court's earlier entry of an order

---

[1] OCGA § 15-11-29 (a) provides, in such cases, for the entry of an "interlocutory order of disposition." OCGA § 15-11-29 (b) provides that the findings of fact and order of disposition "shall have only interlocutory effect pending final hearing on the petition." The party served by publication is given another chance to appear — at the "final hearing" on the petition.

awarding interim temporary custody to appellant/mother because the mandatory hearing on the deprivation petition had not been held. See *Chaffins v. Lowndes County DFCS*, 243 Ga. 528 (255 SE2d 360) (1979). Since the juvenile court order on which appellant relies was not issued after notice and a hearing, it was not an order that prevented the habeas court from granting relief. Compare *West v. Cobb County DFCS*, 243 Ga. 425 (254 SE2d 373) (1979).

Instead of giving appellate review of the juvenile court's action where no such review has been sought, I would affirm the action of the habeas court by holding that the order issued by the juvenile court did not divest the habeas court of jurisdiction to grant the writ.

I am authorized to state that Justice Hunstein joins in this special concurrence.

DECIDED OCTOBER 25, 1993.

*Kirbo & McCalley, William C. McCalley, Jon V. Forehand,* for appellant.

*Rodney L. Allen,* for appellee.