A94A0142. IN THE INTEREST OF W. R. S., a child.

(445 SE2d 367)

SMITH, Judge.

The father of W. R. S. appeals from the termination of his parental rights by the Bacon County Juvenile Court.

The petition was brought by appellant's former wife, the child's mother. She sought to terminate appellant's parental rights on several grounds, alleging that he had murdered her father and assaulted her mother; that he had failed to communicate with the child or make a bona fide attempt to do so for over one year; and that he had failed to provide any care or support for over one year.

The record shows that after appellant and his wife separated and divorce proceedings had been initiated, appellant's wife and child lived with her parents, her brother, and her sister. Late one night, appellant broke into the house and shot his wife's parents, killing her father and seriously wounding her mother. After handcuffing his bleeding mother-in-law to her ten-year-old son and leaving his then three-year-old son on the bed with them, appellant taped and bound his wife and her sister and took them to a mobile home in another county, where he raped and sodomized them. Appellant was convicted of various offenses arising out of the incident, including murder, aggravated assault, and kidnapping with bodily harm. He was sentenced to death for the murder, and he has been incarcerated since.

Appellant claimed he did not intend to harm anyone when he visited his in-laws' home that night, but had merely come to see his son. He admitted, however, that he knew he was not welcome. He cut the telephone lines before entering and carried handcuffs and a nine millimeter handgun he had just purchased.

The petition was originally filed on May 28, 1992, and it was personally served on appellant. He filed an answer and a motion to dismiss, alleging that process was insufficient because summons had not issued and that service of process was insufficient because he had not been served with summons. Summons and petition were then served on appellant by the sheriff on August 5, 1992. On September 9, 1992, at the final hearing scheduled on the petition, appellant raised additional objections, including the court's failure to appoint a guardian

ad litem for the child. Appellee then requested and was granted leave to amend the petition. At that time, counsel for petitioner inquired of counsel for appellant whether the amendments should be personally served on appellant or whether counsel had authority to acknowledge service. Appellant's counsel assured the court twice in open court that he would accept service.

On September 16, 1992, the court issued a document captioned "Summons, notice of hearing and order appointing counsel." This document was mailed by counsel for the petitioner to appellant's attorney and to the attorney appointed for the child, with a certificate of service attached. On September 22, 1992, the court issued notice that a hearing would be held on October 28, 1992, which was similarly served by mail. On the scheduled hearing date, appellant filed in open court another motion to dismiss for insufficiency of service of process, alleging that service was insufficient because the summons had not advised him of the exact date of the hearing and that he was not served personally, but by mail by appellee's counsel. The court heard argument on the motion and denied it.

The scheduled hearing on the petition then took place. At the conclusion of the hearing, at the request of appellant's attorney the court held the record open to permit the taking of appellant's deposition. That deposition was, in fact, taken on December 17, 1992, and is a part of the record in this case. On June 9, 1993, the court entered an order terminating appellant's parental rights.

1. Appellant contends the court erred in denying his July 15 and October 28 motions to dismiss on the grounds of insufficiency of process. Any error alleged in the July 15 motion was cured, however, when summons was issued and served personally upon appellant on August 5. We therefore address only those issues raised in the October 28 motion.

Appellant argues that the summons served upon him did not require him to appear before the court on a fixed date to answer the allegations of the petition, which was required by OCGA § 15-11-26 (a), made applicable to proceedings to terminate parental rights by OCGA § 15-11-91. He argues that notice of the specific time fixed for the final hearing was not received until a later date and that the summons was therefore insufficient. We do not agree.

OCGA § 15-11-26 appears in Article 1, Chapter 11 of Title 15 and governs petitions alleging delinquency, deprivation, or unruliness. See OCGA § 15-11-23. OCGA § 15-11-91 makes the provisions of Article 1 applicable to proceedings to terminate parental rights under Article 2, "unless in conflict with this article." Precisely because proceedings to terminate parental rights are different from those alleging delinquency, deprivation, or unruliness, OCGA § 15-11-83 specifically sets forth the requirements for the petition and summons, and for

service thereof, applicable to termination proceedings. Nowhere in OCGA § 15-11-83 is it required that the summons contain a fixed date. Its provisions, therefore, are "in conflict with" those in OCGA § 15-11-26 (a). Even assuming, therefore, that appellant has correctly construed OCGA § 15-11-26 (a), that Code section is not applicable to this termination proceeding.

Moreover, at the September 9 hearing, after the court heard appellant's argument on his motion to dismiss and ruled it would allow the petitioner to amend her pleadings, appellant's attorney acceded to the suggestion made by counsel for petitioner that in order to reschedule a hearing the parties would get together to agree upon several mutually convenient dates to offer the court. Therefore, even if we were to accept appellant's contention that a specific, fixed date must be included in the summons, the parties waived that requirement.

The remaining issues appellant attempts to argue under this enumeration were not raised in appellant's motions and therefore are not encompassed by his enumerations of error. They may not be considered for the first time on appeal. *Woods v. Advanta Leasing Corp.*, 201 Ga. App. 844, 845 (2) (412 SE2d 607) (1991).

2. Appellant also maintains the court erred in denying his July 15 and October 28 motions to dismiss on the ground of insufficiency of service of process. Since the sheriff's accomplishment of personal service upon appellant on August 5 cured the defects complained of in the July 15 motion, we address only the grounds urged in the October 28 motion. In that motion, appellant argued that service by mail by appellee's attorney upon his attorney rather than him, was improper. We do not agree.

First, appellant may not now complain of that to which his attorney agreed. Appellant's attorney agreed explicitly to accept service of the amended petition on appellant's behalf.

Second, the pleadings included in the service complained of were amended pleadings. Based on objections appellant raised on the September 9 scheduled hearing date, appellee amended the petition and served it on counsel to appellee. A petition may be amended, of course, without leave of court. OCGA § 9-11-15 (a). Neither summons nor personal service is required when serving an amended petition or any pleadings subsequent to the initial complaint or petition. OCGA § 9-11-5 (a), (b). Although the summons served may have been unnecessary, service on appellant's attorney by mail was completely proper. OCGA § 9-11-5 (b). *Dotson v. Luxtron, Inc.*, 155 Ga. App. 504 (271 SE2d 644) (1980) and *Abrams v. Abrams*, 239 Ga. 866 (239 SE2d 33) (1977), cited by appellant, are inapplicable to these facts as both involve service of initial pleadings.

3. Appellant maintains the judgment is void because it fails to

recite facts necessary to give it jurisdiction over the person and subject matter of this action. This enumeration is without merit.

Appellant did not assert below and does not now assert that the court did not have jurisdiction over the parties or the subject matter. Instead, he bases his contention upon *Lockhart v. Stancil*, 258 Ga. 634 (373 SE2d 355) (1988), in which the Supreme Court held that if the order of a juvenile court does not recite the jurisdictional facts, the judgment is void. However, *Lockhart* involved a custody dispute, over which juvenile courts have concurrent jurisdiction with superior courts. They may decide such disputes only when the cases are properly transferred by the superior court. In *Lockhart* the record failed to show a proper transfer, nor did the orders recite facts showing the juvenile court's jurisdiction.

This case is not a custody dispute but an action to terminate parental rights, over which the juvenile courts have exclusive subject matter jurisdiction except in conjunction with adoption proceedings. OCGA § 15-11-5 (a) (2) (C). The fact that it is an action for termination of parental rights appears in the order and is sufficient in itself to show the basis for subject matter jurisdiction.

The order also establishes personal jurisdiction and venue. It recites that when the petition was filed the child was in the custody of his mother, and that both mother and child were present in Bacon County. OCGA § 15-11-15 provides that venue lies in the county in which the child resides. Given that venue rights are waivable, see *In the Interest of M. J. G.*, 203 Ga. App. 452, 454 (1) (416 SE2d 796) (1992), and that appellant did not raise any objection below to venue, this recital in the order was sufficient.

*Judgment affirmed. Pope, C. J., and McMurray, P. J., concur.*

DECIDED JUNE 23, 1994.

*Thomas H. Pittman*, for appellant.
*Solomon & Edgar, William J. Edgar, Charles E. Bagley, Jr.*, for appellee.

