A94A0656. IN THE INTEREST OF W. W. W. et al., children.
(445 SE2d 832)

BIRDSONG, Presiding Judge.

We granted a discretionary appeal of the juvenile court's award of two of the parties' children to appellee father.

The parties divorced in 1985. Appellant mother retained custody

of their three children. In 1988, appellee filed a petition for change of custody and the superior court held "the clear and convincing evidence fails to show child abuse by [the mother] or any material change of conditions caused by her. . . . The clear and convincing evidence [shows] that the . . . father of the children has abused [them] by discriminatory treatment and [rejection of his youngest child which] commenced with denial of paternity [and] has affected the attitude and behavior of his extended family including his mother and his present wife. . . . The abuse will be increasingly damaging to the children. . . . [The father] shall have visitation privileges . . . only on the condition that he treat all of the children on an accepting basis."

In 1992, the mother sued appellee for modification of child support. While that suit was pending appellee filed this deprived child petition in juvenile court, alleging physical abuse of the elder son. Appellant filed a counter-petition alleging deprivation of all children. The juvenile court found no physical abuse by the mother but found all children were emotionally abused by both parents. On a trial basis it gave custody of the two older children to appellee and ordered the youngest child to have no contact with him until the child completed therapy. After several months with the older children in the father's custody, the juvenile court re-heard the matter and found: "It was shown by clear and convincing evidence that the . . . children continue in a state of deprivation . . . [as they] are without proper parental care or control necessary for their mental or emotional health. . . . There has been minimal improvement in the mental and emotional health of the [two older] children." The court ordered that those children remain in the father's custody while the youngest boy remains with appellant. *Held*:

1. The judgment is void because the juvenile court did not have jurisdiction of the subject matter. The father alleged deprivation by the mother after she sued for change in support. The entire record, including the court's disposition, shows that this is a custody dispute.

Where custody is the subject of controversy, the juvenile court has concurrent jurisdiction to hear and determine custody issues *only* when the case is transferred by the superior court. OCGA § 15-11-5 (c); *Lockhart v. Stancil*, 258 Ga. 634, 635, fn. 1 (373 SE2d 355); *Moss v. Moss*, 233 Ga. 688, 690 (212 SE2d 853); *In re J. R. T.*, 233 Ga. 204 (210 SE2d 684); *Colton v. Martins*, 230 Ga. 482 (197 SE2d 729); see *In the Interest of C. F.*, 199 Ga. App. 858 (406 SE2d 279); *Neal v. Washington*, 158 Ga. App. 39 (279 SE2d 294); see *Conroy v. Jones*, 238 Ga. 321 (232 SE2d 917); *In the Interest of M. M. A.*, 174 Ga. App. 898 (332 SE2d 39).

Appellee contends that because he filed a deprivation petition, the juvenile court had exclusive jurisdiction regardless whether a pa-

rental custody dispute is involved, for this action determines whether the child is deprived "and is not an action brought to decide custody matters." *In the Interest of A. L. L.*, 211 Ga. App. 767 (440 SE2d 517). However, this statement, quoted from *Anderson v. Sanford*, 198 Ga. App. 410, 411 (401 SE2d 604), merely held that a deprivation proceeding is not a "custody action" *within the meaning of OCGA § 19-7-3 (c)*. *In the Interest of A. L. L.* does not hold that the juvenile court has exclusive jurisdiction of cases which are not *valid* deprivation cases but are actually custody disputes. Pleadings are only a means to reach the merits of a case; we construe pleadings to do substantial justice and in determining the nature of a proceeding, its substance, not its name, controls. *Franklyn Gesner &c. v. Ketcham*, 252 Ga. 537, 539 (314 SE2d 903).

In *Lewis v. Winzenreid*, 263 Ga. 459 (435 SE2d 602) the mother filed a deprivation petition rather than return the child to the father's legal custody. The superior court issued a writ of habeas corpus. The Supreme Court affirmed the writ and held the juvenile court had no jurisdiction. The fact that the dispute in *Lewis* was between resident and non-resident parents does not change the basis of that decision. The Supreme Court held, "custody disputes between parents are *not* within the exclusive original jurisdiction of the juvenile courts of this state"; the juvenile court has exclusive jurisdiction to entertain petitions concerning children alleged to be deprived, but not where the record shows the petition was not in the nature of a *valid* deprivation petition; juvenile courts should not entertain deprivation proceedings brought by one parent to obtain custody from the other parent for there is a great likelihood in such cases that allegations of deprivation will be motivated by a desire to avoid the more stringent standard of proof applicable in a custody modification action in superior court, where the noncustodial parent must prove a material change in circumstances substantially affecting the interest and welfare of the child. Id. at 462-463.

The fact that *Lewis* quoted so liberally and interchangeably from cases with very different facts merely proves the common premise. *Lewis* concluded the juvenile court *"should not entertain"* a deprivation petition filed by one parent against another. Id. at 462. *Lewis* means that when the dispute is between parents, it is *prima facie a custody matter*. The superior court may determine the proceeding is a "valid deprivation petition" (*Lewis*, supra), and it can transfer the case to juvenile court as any court would do on finding it does not have jurisdiction.

Appellee filed this deprivation petition only after the custodial parent filed a petition for support modification. He alleged physical abuse against one child only (see *In re R. R. M. R.*, 169 Ga. App. 373 (312 SE2d 832)), a charge for which the juvenile court found no sub-

stantiation. Appellee could not, merely by filing a "deprived child" petition, thwart the prior custody order of superior court and remove its exclusive jurisdiction of custody issues. The bare allegation of physical abuse did not make this a valid deprivation case giving juvenile court exclusive jurisdiction. The record, including the 1988 custody order, proves there was never any bona fide controversy as to what kind of case this is, and the fact that the juvenile court was persuaded to entertain it does not add bona fides to it.

2. Appellant did not submit to juvenile court jurisdiction by filing a counter-petition. Subject matter jurisdiction cannot be waived, nor can one voluntarily submit herself to subject matter jurisdiction of an improper court. *In the Interest of C. F.*, supra.

3. Even if the juvenile court had jurisdiction, the award is without evidence and is so contrary to the evidence as to be an abuse of discretion.

Appellant was pregnant with the parties' third child when she discovered appellee was having an affair. Scientific tests prove he is the father of the child, but he denied paternity apparently because he had told his girl friend he was not having sexual relations with his wife. Court-ordered psychological evaluations show the middle child, a girl, is fairly well adjusted. The youngest child, age eight, has a serious behavior disorder caused by his parents' conflict; he has a close bond with his siblings and wants to live with them. The elder boy, age 12, was described as sad-looking with a "pronounced facial tic"; he expressed "a strong preference to be reunited with his [younger] brother. . . . This was the strongest emotion [he] expressed."

Dr. Schenk advised the court that the mother's efforts to compel appellee to accept his younger son amounted to emotional abuse; he did not like the "status quo." However, Dr. Cruz testified the family's problem was that the youngest boy was "rejected because of his father's inability to face the truth" and "[t]here is no point" in changing custody.

Dr. Hill, the children's therapist, testified that the youngest child has serious problems because he is rejected by his father and his stepmother; the older boy sees his father as duplicitous, like a person who lies to you on the one hand and is a fairy tale father who gives you a lot of things on the other hand; he was concerned that his father did not let him have a normal relationship with his brother; his father told him his mother had put his sister's feet and hands on a burner and he was confused because he had seen no scars on her hands or feet; his father showed him pictures of a naked little girl from the waist down supposedly of his younger sister. "That to me is a form of child abuse," Dr. Hill testified. The father's denial of paternity is "pathological"; until this relationship between father and children is based on truth there is no relationship; the elder boy cried and said,

"Help me. . . . Doctor Schenk told me I would have to go live with my father and I don't want to. . . . I thought if I said I wanted to that [my stepmother] wouldn't treat me like she treats [my brother]"; he was afraid if he told the truth "they would all hate me like they hate [my brother]." Dr. Hill said the mother's only fault was that her fear of being accused of child abuse caused her to be lax in discipline and she ended up yelling at the children.

The juvenile court found the appellee "wilfully violated" the superior court's previous order that he treat the children equally. Confounded by the father's refusal to cease the abusive conduct, and despite all the evidence that the children's unity was their mainstay, the juvenile court separated them. Months later the court found the two older children were deprived *in appellee's care*, but gave him permanent custody of them, finding that the mother's anger "impairs her ability to properly *provide* the emotional stability needed [by] the children." (Emphasis supplied.) However, according to all the evidence, the *deprivation* of emotional stability was caused by the father. There is no evidence that it is appellant mother who causes her children to be "without proper parental care or control . . . necessary for [their] physical, mental, or emotional health." OCGA § 15-11-2 (8). The juvenile court erred in finding that the mother deprived two children so as to justify removing custody of two children from her and modify the superior court's 1988 order. The order is vacated.

*Judgment vacated. Blackburn, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JUNE 30, 1994.

L. Lynn Hanna, MaryTheresa Clark, for appellant.
Michael J. Bowers, Attorney General, Teresa E. Lazzaroni, Assistant District Attorney, Jim W. Blount, Rubin, Winter & Rapoport, Joseph M. Winter, for appellee.