S99G0742. IN RE M. C. J. et al.
(523 SE2d 6)

BENHAM, Chief Justice.

This appeal concerns the proper forum for an action in which one parent seeks termination of the parental rights of the other parent by means of a deprivation petition. Appellant, the mother of two children, filed an action in juvenile court under OCGA § 15-11-80 et seq. to terminate the parental rights of the children's biological father, appellee, to whom she had never been married and who had never legitimated the children. The children have been in the sole physical custody of their mother since birth. She based her petition for termination of appellee's parental rights on an allegation that the children had been deprived because of misconduct or inability of the father who is currently serving a 40-year prison sentence. See OCGA § 15-11-81 (b) (4) (A) (i). The juvenile court granted the petition and terminated appellee's parental rights. On appeal to the Court of Appeals, appellee and the guardian ad litem appointed to represent the inter-

ests of the children asserted that the juvenile court lacked subject matter jurisdiction over the petition. The Court of Appeals agreed, citing *Lewis v. Winzenreid*, 263 Ga. 459 (435 SE2d 602) (1993), for the proposition that juvenile courts do not have jurisdiction over deprivation proceedings brought between parents to obtain custody, and *In the Interest of W. W. W.*, 213 Ga. App. 732 (445 SE2d 832) (1994), which holds that when a deprivation action is between parents, it is prima facie a custody matter. *In the Interest of M. C. J.*, 236 Ga. App. 225 (1) (511 SE2d 533) (1999). Accordingly, the Court of Appeals held that such cases must be filed in the superior court, which must then transfer the matter to juvenile court if it determines that the case is an actual deprivation case rather than a custody case. Id. We granted appellant's petition for certiorari to consider the correctness of the holdings stated above. Concluding that the Court of Appeals has misinterpreted this Court's holding in *Lewis v. Winzenreid*, supra, we reverse its judgment.

In *Lewis*, a non-custodial parent refused to return her child after a visit, and filed a deprivation petition in juvenile court seeking to have custody assigned to her. After the juvenile court found the child deprived and awarded custody to the petitioner, the original custodial parent filed a habeas corpus petition in superior court seeking return of the child. The superior court ordered the child returned to the original custodial parent, and this Court affirmed, holding that because the deprivation petition did not allege present deprivation, the action was not a true deprivation action, and the juvenile court therefore lacked subject matter jurisdiction. Since the lack of subject matter jurisdiction rendered the juvenile court's judgment void, this Court held that the superior court properly refused to give effect to that judgment. In the course of reaching that decision, the opinion in *Lewis* addressed the issue of using a deprivation petition to initiate a custody dispute. The conclusion reached in *Lewis* was aptly summarized in a footnote in a subsequent case as follows:

> [P]arental fight over custody of child that was brought as deprivation proceeding but did not make any valid allegations of deprivation as defined by [OCGA] § 15-11-2 (8) was not a valid deprivation proceeding within the jurisdiction of the juvenile court, but was a custody dispute that fell within the jurisdiction of the superior court.

*Watkins v. Watkins*, 266 Ga. 269 (fn. 7) (466 SE2d 860) (1996).

In the present case, the Court of Appeals stated in its opinion that this Court held in *Lewis* that "the juvenile courts of this state should not entertain deprivation proceedings brought between parents to obtain custody." *In the Interest of M. C. J.* at 225. In fact, what

this Court held in *Lewis* was that

> [t]he juvenile courts of this state should not entertain deprivation proceedings brought by a non-custodial parent to obtain custody from a non-resident custodial parent, for there is a great likelihood in such a situation that the allegations of deprivation will be motivated less by concern for the child than by a desire to avoid the more stringent standard of proof applicable in a modification action in the superior court, wherein a non-custodial parent is required to establish a material change of circumstances substantially affecting the interest and welfare of the child arising since the original decree. [Cit.]

*Lewis* at 462-463. While we do not believe the "non-resident" status of the custodial parent was significant to the holding in *Lewis*, the fact that the parent bringing the action was a non-custodial parent was highly significant because the focus of the case was on the situation in which a non-custodial parent attempted to use a deprivation proceeding to wrest custody from the custodial parent. The parent who first brought a deprivation action in *In the Interest of W. W. W.*, supra, was also a non-custodial parent bringing a deprivation action for the purpose of obtaining custody, and the Court of Appeals correctly applied *Lewis* to hold that the juvenile court was without subject matter jurisdiction of the case.

However, the Court of Appeals went further in *W. W. W.* and held that "*Lewis* concluded the juvenile court 'should not entertain' a deprivation petition filed by one parent against another. [Cit.] *Lewis* means that when the dispute is between parents, it is prima facie a custody matter." The quoted language is not an accurate reading of *Lewis*. Our holding in that case should not be extended beyond what it says, that juvenile courts "should not entertain deprivation proceedings brought by a *non-custodial parent to obtain custody* from a . . . custodial parent." (Emphasis supplied.) Id. at 462. To say that every deprivation action brought by a parent and naming the other parent as the source of the deprivation must be considered a custody case goes beyond the holding in *Lewis*. Under the long-established rule that "pleadings . . . are to be construed according to their substance and function and not merely as to their nomenclature, being always mindful to construe such documents in a manner compatible with the best interest of justice," (*Planet Ins. Co. v. Ferrell*, 228 Ga. App. 264, 266 (491 SE2d 471) (1997)), each deprivation petition must be judged on its own merits. If it appears from an analysis of the pleading that it is actually a disguised custody matter, then it is outside the subject matter jurisdiction of the juvenile courts.

The Court of Appeals also held in *W. W. W.* that "[t]he superior court may determine the proceeding is a 'valid deprivation petition' (*Lewis*, supra), and it can transfer the case to juvenile court as any court would do on finding it does not have jurisdiction." Id. at 734. Consistently with that holding, the Court of Appeals held in *In the Interest of M. A.*, 218 Ga. App. 433, 434 (461 SE2d 600) (1995), that

> because all deprivation proceedings between parents are prima facie custody matters, OCGA § 15-11-5 (c) requires that they must be brought in the superior court. Only the superior court may make the determination that a deprivation proceeding between parents is not a custody dispute.

Contrary to those statements, *Lewis* did not hold that only superior courts can determine whether a particular deprivation action is actually a custody dispute. Although it was, in fact, a superior court which ruled in *Lewis* that the petition filed in juvenile court by the non-custodial parent actually involved custody rather than deprivation, it did so as a habeas corpus court, not as the court in which the deprivation petition was pending. We are aware of no constraint which would prevent a juvenile court from considering whether it had jurisdiction over a particular case initiated by a deprivation petition. If a party were dissatisfied by the juvenile court's ruling on jurisdiction, that issue could be raised on appeal.

The holdings of the Court of Appeals that all deprivation actions brought by one parent against another are prima facie custody cases (*W. W. W.*), and that all such actions must be filed in superior court (*M. A.*) are erroneous. Accordingly, those two cases and any which rely on them for the erroneous propositions stated above are overruled. Because the merits of the order terminating the father's parental rights were raised in the Court of Appeals, but not in this Court, they remain to be addressed. Accordingly, the judgment of the Court of Appeals is reversed and this appeal is remanded to that court for consideration of the remaining substantive issues.

*Judgment reversed and case remanded with direction. All the Justices concur.*

DECIDED OCTOBER 18, 1999.

*McNally, Edwards, Bailey & Lander, Thomas F. McNally, Jr., Kenneth J. Lander,* for appellant.

*Charles E. Day, Ann N. Garner, James C. Bonner, Jr.,* for appellee.