A02A0617. IN THE INTEREST OF K. R. S. et al., children.
(560 SE2d 292)

MILLER, Judge.

When the parents of three-year-old K. R. S. divorced, the mother received custody of him. The mother died when the boy was seven, and the father (who had remarried and was parenting with his new wife two children born from the new marriage) took physical and legal custody of the boy. The maternal grandparents shortly thereafter refused to allow the father to retrieve his son after a brief visit with the grandparents. The grandparents filed a deprivation petition against the father in juvenile court, alleging that the child was deprived as a result of the father's failure to pay child support or to visit the child more regularly. Since these allegations pertain to the circumstances existing while the mother had custody before her death, they do not show current deprivation, and therefore the petition was in the nature of a habeas proceeding to determine custody, which is not within the original jurisdiction of the juvenile court. The juvenile court should have dismissed the petition for want of subject matter jurisdiction. Accordingly, we reverse the juvenile court's order awarding custody to the grandparents, and we order that the child be immediately returned to his father.

1. Although a juvenile court has exclusive jurisdiction of deprivation petitions, where the matter is in truth a custody controversy in

---

the nature of a habeas corpus proceeding, the juvenile court has subject matter jurisdiction of the matter *only* if the case originated in the superior court and is transferred to the juvenile court by order of the superior court. *In re J. R. T.*, 233 Ga. 204, 205 (210 SE2d 684) (1974); *In the Interest of B. C. P.*, 229 Ga. App. 111, 112-113 (1) (493 SE2d 258) (1997); see OCGA § 15-11-28 (a) (1) (C), (c). If the petition fails to make valid allegations of deprivation as defined by OCGA § 15-11-2 (8), the matter is not a deprivation proceeding within the jurisdiction of the juvenile court, but is a custody dispute that falls within the jurisdiction of the superior court. *In re M. C. J.*, 271 Ga. 546, 547 (523 SE2d 6) (1999), citing *Watkins v. Watkins*, 266 Ga. 269, 271 (1), n. 7 (466 SE2d 860) (1996). Indeed,

> the juvenile courts should exercise great caution when entertaining deprivation proceedings brought by a non-parent to obtain custody from a parent, for there is a great likelihood in such a situation that the allegations of deprivation will be motivated less by concern for the child than by a desire to avoid the more stringent standard of proof applicable in a habeas corpus action [in superior court].

*In re R. R. M. R.*, 169 Ga. App. 373, 375 (2) (312 SE2d 832) (1983); see *Lewis v. Winzenreid*, 263 Ga. 459, 462-463 (435 SE2d 602) (1993). For example, the Supreme Court of Georgia recently emphasized that third parties (such as grandparents) seeking custody of a child from a parent must first prove "by clear and convincing evidence that the child will suffer physical or emotional harm if custody were awarded to the biological parent," *Clark v. Wade*, 273 Ga. 587, 599 (V) (544 SE2d 99) (2001), something no party or evidence addressed in the case at bar.

The petition here fails to allege deprivation as defined by OCGA § 15-11-2 (8). First, as emphasized in *Lewis*, supra, 263 Ga. at 461, subparagraph (A) of paragraph (8) defines a deprived child as one who *is* without proper parental care or control, subsistence, education as required by law, or other care or control necessary for his physical, mental, or emotional health or morals. Where prior to filing the petition the petitioner has taken custody of the child in contravention of law, the petitioner cannot allege that the child *is presently* deprived, but only that the child had been deprived while in the custodial parent's care and that the child might once again become deprived if returned to the custodial parent. Id. "The juvenile courts of this state have jurisdiction with regard to a child who is alleged *to be* deprived, not a child who has allegedly been or will allegedly be deprived while in the legal custody of his . . . parent." (Emphasis in original.) Id. Notwithstanding this jurisdictional defect, the record

here contains no evidence that the child would be deprived while in the custody of the father, whether in the past, present, or future.

Here the father as the surviving parent automatically became the legal custodian of K. R. S. at the moment of the mother's death since there had been no prior termination of the father's parental rights. *Spires v. Lance*, 167 Ga. App. 331 (1) (306 SE2d 317) (1983); see OCGA § 19-9-2; *Porter v. Johnson*, 242 Ga. 188, 189 (1) (249 SE2d 608) (1978). He had physical custody of the boy for only a few days before the grandparents illegally refused to allow the boy to return to his father after visiting them. Once the father insisted on his right to custody of the child, the grandparents filed the deprivation petition.

Thus, this case is a step removed from the *Lewis* case. The petition does not even allege that during the few days the father had custody, the child was deprived. Rather, the petition alleges that *before* the father had legal custody, the child was deprived as a result of the father failing to pay child support or to visit the child regularly, both of which were addressed in the divorce decree. Whether true or not, these allegations became moot once the mother died and legal and physical custody passed to the father. At that point the father no longer had a child support schedule nor a visitation schedule. As provided by law, he took physical custody of the child and began to care for him as the custodial parent. Thus, allegations of what the father had provided as a noncustodial parent became largely irrelevant to a deprivation petition that was required to allege *current* deprivation with him as the custodial parent. See *Lewis*, supra, 263 Ga. at 461. Further, since the grandparents took custody of the boy before filing the deprivation petition, they could not even allege that with the father as the new custodial parent, the boy was deprived at the time of the filing. Id.

Nor could the grandparents allege that the boy was deprived as a result of being abandoned. See OCGA § 15-11-2 (8) (C). First, they were holding the boy in contravention of the father's legal custodial rights and therefore had doubtful standing to allege that the father had abandoned the child. *Lewis*, supra, 263 Ga. at 461. Second, they did not file the petition until the father demanded legal custody of the boy, which clearly demonstrates that he had not abandoned the boy. Id. at 462. "The juvenile courts of this state have jurisdiction with regard to a child who allegedly *has been* abandoned, not a child whose non-resident custodial parent has threatened to enforce his right to legal custody." (Emphasis in original.) Id.; see *M. C. J.*, supra, 271 Ga. at 548 (the nonresident status of the custodial parent was not significant to the holding in *Lewis*).

The record shows that the petition was not a valid deprivation petition but was "a transparent attempt to use the juvenile court system to seek custody of the child." *B. C. P.*, supra, 229 Ga. App. at 113

(1). Since the juvenile courts do not have exclusive original jurisdiction over custody disputes cloaked as deprivation actions, and since the superior court had not originally received and then transferred the case to juvenile court pursuant to OCGA § 15-11-28 (c), the juvenile court lacked jurisdiction over the subject matter and should have dismissed the case as requested by the father. *B. C. P.*, supra, 229 Ga. App. at 113-114 (1).

2. As the juvenile court lacked jurisdiction over what amounted to an attempt to gain legal custody, the father's enumeration of error challenging the sufficiency of the evidence is moot. *B. C. P.*, supra, 229 Ga. App. at 114 (2).

*Judgment reversed. Blackburn, C. J., and Johnson, P. J., concur.*

DECIDED FEBRUARY 12, 2002.

*Kathryn A. Hall, Rebecca R. Crowley, Phyllis J. Holmen, Lisa J. Krisher, Vicky O. Kimbrell*, for appellant.
*John B. Brewer III, Franklin D. McCrea*, for appellee.