A95A1041. IN THE INTEREST OF M. A. et al., children.
(461 SE2d 600)

ANDREWS, Judge.

David Albert, appellant and natural father of M. A. (a female child) and M. A. (a male child), appeals from an order of the juvenile court finding that Albert's children were deprived and granting temporary custody to the children's natural mother, appellee Beth Thompson.

Albert contends that the juvenile court's order is invalid because the juvenile court did not have subject matter jurisdiction to hear the deprivation petition. OCGA § 15-11-5 (a) (1) (C) provides that the

juvenile court has exclusive jurisdiction over deprivation proceedings. However, under OCGA § 15-11-5 (c), when custody is the subject of controversy, the juvenile court has concurrent jurisdiction with the superior court to determine custody issues only when the case is properly transferred by the superior court.

The juvenile court does not have subject matter jurisdiction over custody disputes disguised as deprivation proceedings. *In the Interest of W. W. W.*, 213 Ga. App. 732 (445 SE2d 832) (1994). In *Lewis v. Winzenreid*, 263 Ga. 459 (435 SE2d 602) (1993), the Georgia Supreme Court affirmed the superior court's determination that a juvenile court order finding deprivation was invalid for lack of subject matter jurisdiction because the record showed that the nature of the petition was custody, not deprivation. The court in *W. W. W.* found that "*Lewis* means that when the dispute is between parents, it is prima facie a custody matter." *W. W. W.*, 213 Ga. App. at 734. Juvenile courts "should not entertain" a deprivation proceeding brought by one parent against another because it is very likely that the parent is actually seeking custody and is attempting to avoid the more stringent standard of proof required for modification of a custody award. Id.

Because all deprivation proceedings between parents are prima facie custody matters, OCGA § 15-11-5 (c) requires that they must be brought in the superior court. Only the superior court may make the determination that a deprivation proceeding between parents is not a custody dispute. Upon determining that a deprivation petition brought by one parent against another is a valid deprivation petition, the superior court must then transfer the matter to the juvenile court under OCGA § 15-11-5 (a) (1) (C), which provides the juvenile court with exclusive jurisdiction over deprivation proceedings.

Here, there was no determination by the superior court that Thompson's deprivation petition against Albert was a valid deprivation petition and not a disguised custody dispute. Therefore, the juvenile court did not have proper subject matter jurisdiction over the petition and the judgment is vacated accordingly.

*Judgment vacated. McMurray, P. J., and Blackburn, J., concur.*

DECIDED SEPTEMBER 1, 1995.

*Cam S. Head*, for appellant.
*Mullins & Whalen, Samuel H. Sullivan*, for appellee.