511 S.E.2d 533 (1999)
236 Ga. App. 225
In the Interest of M.C.J. et al., children.
No. A98A2296.
Court of Appeals of Georgia.
January 21, 1999.
Reconsideration Denied February 4, 1999.
Certiorari Granted May 14, 1999.
Charles E. Day, Monroe, Ann N. Garner, for appellant.
McNally, Edwards, Bailey & Lander, Kenneth J. Lander, Decatur, for appellees.
JOHNSON, Chief Judge.
The mother of M.C.J. and R.A.J. filed a petition in juvenile court to terminate the parental rights of the children's biological father. The mother has physical custody of the children, and the father recently began serving a 40-year prison sentence in connection with the shooting of a man.
In her petition, the mother alleges that the children are deprived because of the father's misconduct or inability. She requests, *534 among other things, that the children be placed in her permanent custody. After a hearing, the juvenile court entered an order terminating the father's parental rights. The father filed a notice of appeal from the judgment. He and the children's guardian ad litem filed separate but nearly identical enumerations of error and briefs.
1. The father and guardian ad litem argue that the juvenile court lacked subject matter jurisdiction over the petition. We agree that the mother was required to file the case in superior court and therefore vacate the juvenile court's judgment.
In Lewis v. Winzenreid, 263 Ga. 459, 435 S.E.2d 602 (1993), the Supreme Court held that the juvenile courts of this state should not entertain deprivation proceedings brought between parents to obtain custody. Thereafter, this Court has interpreted Lewis as meaning "that when the dispute is between parents, it is prima facie a custody matter. The superior court may determine the proceeding is a valid deprivation petition, and it can transfer the case to juvenile court as any court would do on finding it does not have jurisdiction." (Citations and punctuation omitted; emphasis in original.) In the Interest of W.W.W., 213 Ga.App. 732, 734, 445 S.E.2d 832 (1994).
This Court reached the same result in In the Interest of M.A., 218 Ga.App. 433, 434, 461 S.E.2d 600 (1995), where we stated that all deprivation proceedings between parents must be brought in superior court; only the superior court may decide that a deprivation proceeding between parents is not a custody dispute.
We recognize that Lewis and In the Interest of W.W. W., unlike this case, involve non-custodial parents attempting to obtain custody. And, in our opinion, the instant case appears to be an actual deprivation case rather than a custody case. Nonetheless, the authority is clear: a deprivation petition brought between parents must be filed initially in superior court for a determination that it is indeed a valid deprivation case. In this case, there was no such determination. Because the juvenile court in these circumstances did not have proper subject matter jurisdiction, the judgment must be vacated. See In the Interest of M.A., supra.
2. In light of the foregoing, we need not address the remaining enumerations of error.
Judgment vacated.
SMITH and BARNES, JJ., concur.