A99A1161. IN THE INTEREST OF M. M., a child.
(523 SE2d 886)

SMITH, Judge.

The mother of M. M. filed a petition in juvenile court to terminate the parental rights of her child's biological father. The father

---

[16] Id.

[17] *Southfund,* supra.

responded with a petition to legitimate M. M. After a hearing, the juvenile court entered an order terminating the father's parental rights. The father appeals, contending that the petition should have been filed in superior court. We are constrained to agree, and we therefore vacate the judgment of the juvenile court.

This case is controlled by the recent decision of *In the Interest of M. C. J.*, 236 Ga. App. 225 (511 SE2d 533) (1999). There, as here, the mother had physical custody of the children and filed a termination petition against the biological father[1] in juvenile court. This court concluded that the juvenile court lacked subject matter jurisdiction over a deprivation proceeding between parents. Even when, as here, the action appears to be a genuine deprivation case and not a disguised custody dispute, "the authority is clear: a deprivation petition brought between parents must be filed initially in superior court for a determination that it is indeed a valid deprivation case." Id. at 226. In such circumstances, the juvenile court does not have proper subject matter jurisdiction, and the judgment must be vacated. Id.

We note that the Supreme Court of Georgia has granted a writ of certiorari in *M. C. J.*, supra, on May 14, 1999 (Case No. S99C0742). The Supreme Court indicated particular concern with the finding of lack of subject matter jurisdiction in a termination action between a mother and a biological father. Id. But this case must be decided by December 3, 1999, Ga. Const. 1983, Art. VI, Sec. IX, Par. II, and the Supreme Court is not required to render its decision in *M. C. J.* before then. We are therefore bound by this court's decision in *M. C. J.* and must vacate the judgment on the ground of lack of subject matter jurisdiction.

*Judgment vacated. Pope, P. J., and Eldridge, J., concur.*

DECIDED SEPTEMBER 29, 1999 —
RECONSIDERATION DISMISSED DECEMBER 16, 1999.

*Michael R. McCarthy*, for appellant.
*Maxine C. Morris*, for appellee.

---

[1] Appellee here seeks to distinguish *M. C. J.* by contending that the father in that case may have had a legal relationship with the children. But the term "biological father" generally is used in contrast to the term "legal father." See OCGA § 15-11-83 (e). Furthermore, the grant of certiorari by the Supreme Court of Georgia in *M. C. J.*, see below, explicitly states that the biological father is not the legal father.